UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CLAY PARKER,

*Plaintiff,*

-against-

CORRECTIONAL OFFICER JAMES H. OLIVER,
CORRECTIONAL OFFICER JAMES S. LAPOINT,
CORRECTIONAL OFFICER ERIK J. PARISI,
SERGEANT ROSHAWN CHERRY,
SERGEANT NICHOLE MATTHEWS-GARCIA,
CORRECTIONAL OFFICER AARON M. DEREPENTIGNY,
CORRECTIONAL OFFICER ROBERT E. RYSEDORPH, and
CORRECTIONAL OFFICER DAVID L. NETTLES, JR.

*Defendants.*

**STIPULATION OF SETTLEMENT, GENERAL RELEASE AND ORDER OF DISMISSAL**

9:24-CV-1275
(FJS/MJK)

STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL ("Settlement Agreement") made by and between Plaintiff Clay Parker ("Plaintiff") and Defendants JAMES H. OLIVER, JAMES S. LAPOINT, ERIK J. PARISI, ROSHAWN CHERRY, NICHOLE MATTHEWS-GARCIA, AARON M. DEREPENTIGNY, ROBERT E. RYSEDORPH, and DAVID L. NETTLES, JR. ("Defendants") (Plaintiff and Defendants, collectively, "the Parties") as of August 14, 2026:

WHEREAS, Plaintiff commenced the above-captioned action by filing a Second Amended Complaint on or about February 27, 2025, (ECF No. 26), alleging claims against Defendants pursuant to 42 U.S.C. § 1983; and

WHEREAS, the claims and allegations asserted in the above-captioned action, together with all related filings and proceedings, constitute "the Action"; and

WHEREAS, Defendants expressly deny any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in the Action whatsoever; and

WHEREAS, the Parties desire to fully resolve the claims between them and any and all other disputes, whether known or unknown, without further litigation or proceedings before any court or other agency, and without admission of fault or liability; and

WHEREAS, no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party to this Settlement Agreement has an interest in the subject matter of the Action;

NOW, THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Agreement, the Parties hereby stipulate and agree, and the Court orders, as follows:

1. **Dismissal of the Action with Prejudice.** The Action and all claims asserted therein are hereby dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 2 of this Settlement Agreement.

2. **Payment to Plaintiff and Plaintiff's Attorneys.** For and in consideration of Plaintiff's execution of this Settlement Agreement, Plaintiff's agreement to be bound by its terms, and Plaintiff's undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and subject to any reservation for payment to Medicare or other taxes, liens or setoffs as set forth in Paragraphs 5, 6, and 8, the State of New York, on behalf of Defendants, shall pay the total sum of Six Hundred Ninety-Seven Thousand Dollars and 0 Cents ($697,000.00), for which the Office of the New York State Comptroller shall issue any and all

appropriate Internal Revenue tax forms, as follows:

a. The State of New York, on behalf of Defendants, shall pay the gross sum of Six Hundred Ninety-Seven Thousand Dollars and 0 Cents ($697,000.00) in full and complete satisfaction of any and all claims, allegations, or causes of action for compensatory damages (including, but not limited to, pain and suffering, mental and emotional anguish and trauma, reputational damages, punitive damages, and liquidated damages) attorney's fees and costs. The foregoing payment shall be made payable to "Barket Epstein Kearon Aldea & LoTurco, LLP, as attorneys for Clay Parker" and mailed to:

**Barket Epstein Kearon Aldea & LoTurco LLP**
**666 Old Country Road, Suite 700**
**Garden City, New York 11530**

**3.** **State Approval of Payments.** Payment of the amount(s) specified in Paragraph 2 of this Settlement Agreement is conditioned upon and subject to the approval of all appropriate State officials in accordance with N.Y. Pub. Off. Law § 17. Plaintiff and Plaintiff's attorneys agree to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment including, but not limited to, Plaintiff's Affirmation of Medicare Status as set forth in Paragraph 7 of this Settlement Agreement.

**4.** **Accrual of Interest.** In the event that payment of the amount(s) specified in Paragraph 2 of this Settlement Agreement has not been made by the one hundred twentieth (120th) day after receipt by the Office of the New York State Attorney General (OAG) of a "So Ordered" copy of this Agreement, entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 3 and 7 of this Settlement Agreement, interest on any part of the settlement amount not paid by the one hundred twentieth (120th) day shall accrue

at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day after receipt by the Office of the Attorney General of all documentation required under Paragraphs 3 and 7 of this Settlement Agreement.

5. **Responsibility for Taxes.** It is understood and agreed that any taxes, or interest or penalties

on taxes, which may attach to the payment(s) specified in 2 of this Settlement Agreement, by operation of law or otherwise, shall be the sole and complete responsibility of Plaintiff and Plaintiff's attorneys, and that Plaintiff and Plaintiff's attorneys shall have no claim, right or cause of action against Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) on account of such taxes, interest or penalties. Plaintiff agrees that Plaintiff will defend, indemnify, and hold harmless Defendants and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such tax or interest or penalty on such tax.

6. **Responsibility for Liens and Setoffs.** It is understood and agreed that any liens, setoffs, deductions, or recoupments of any kind (including, but not limited to, any and all workers' compensation, tax, Medicare, Medicaid, unemployment compensation or benefits, or child support liens) which may attach to the payment(s) specified in 2 of this Settlement

Agreement, by operation of law or otherwise, shall be the sole and complete responsibility of Plaintiff and Plaintiff's attorneys, and that Plaintiff and Plaintiff's attorneys shall have no claim, right or cause of action against Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) on account of such liens, setoffs, deductions, or recoupments. Plaintiff agrees that Plaintiff will defend, indemnify, and hold harmless Defendants and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such any liens, setoffs, deductions, or recoupments.

7. **Medicare Certification.** Plaintiff represents and warrants that Plaintiff is not currently a Medicare recipient and/or Medicare eligible, has never been on Medicare or Social Security Disability Insurance, that no conditional payments have been made on Plaintiff's behalf by Medicare, and further that Plaintiff does not expect to be Medicare eligible and/or a Medicare recipient within the next thirty (30) months following the date of this Settlement Agreement. Plaintiff agrees to deliver a fully executed Affirmation of Medicare Status in the form annexed hereto as Exhibit A ("Medicare Affirmation") to the Office of the Attorney General. Plaintiff acknowledges and understands that receipt of a fully executed Medicare Affirmation by the Office of the Attorney General, together with any required supporting documentation, is a prerequisite to payment of the settlement amount(s) referenced in Paragraph 2 herein, and falls

within the category of "other documentation" and "required documentation" described in Paragraphs 3 and 7 of this Settlement Agreement.

8. **Responsibility for Medicare Payments or Medicare Liens.** Plaintiff agrees to defend, indemnify, and hold harmless Defendants and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) for any liens or past or future Medicare payments presently known or unknown in connection with the Action. If conditional or future anticipated Medicare payments have not been satisfied, Defendants and the State of New York reserve the right to issue a multi-party settlement check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the settlement amount(s) specified in Paragraph 7 of this Settlement Agreement. Upon receipt of all required documentation under Paragraphs 3 and 7 of this Settlement Agreement shall be made in accordance with the terms set forth herein.

9. **General Release.** For and in consideration of the payment of the settlement amount(s) referenced in Paragraph 2 of this Settlement Agreement and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, Plaintiff, on behalf of Plaintiff, Plaintiff's heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby releases and forever discharges Defendants, the New York State Department of Corrections and Community Supervision, and the State of New York, together with their present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, heirs and assigns,

whether in an individual or official capacity, or any of them, or all of them (collectively, "the Released Parties") from all manner of claims, actions, proceedings, suits, grievances, administrative charges, injuries, debts, obligations, dues, sums of money, accounts, contracts, agreements, promises, damages, judgments, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now has, or shall or may have in the future against some, any, or all of the Released Parties, related to or arising out of the acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Action; or any other claims, causes of action, rights, or administrative charges for relief, whether for moneys owed, equitable relief, costs, fees, or other expenses, including attorney's fees. This General Release also includes a waiver and release of any and all claims against the State of New York, its agencies, departments, and officials in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any transactions, acts, omissions, or occurrences up to and including the date of this Settlement Agreement.

Additionally, nothing in this General Release prohibits Plaintiff from speaking with a law enforcement agency, the Equal Employment Opportunity Commission, the New York State Division of Human Rights, a local commission on human rights, or an attorney retained by an employee or potential employee, or testifying, assisting, or participating in an investigation, hearing, or proceeding conducted by any state, federal, or local government agency.

**10.** **No Other Action or Proceeding.** Other than the Action, Plaintiff represents that Plaintiff has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind that is still pending against the Released Parties, on their own behalf or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any

administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendant to enter into this Settlement Agreement.

**11.** **Waiver of Attorneys' Liens.** The undersigned attorneys for Plaintiff consent to the issuance of the payments(s) described above and do hereby, as to the Defendants and the State of New York, release and waive any attorneys' lien that the undersigned attorneys for Plaintiff may have on the settlement proceeds in the Action pursuant to N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise to allow the State of New York to issue the payment(s) described above without incurring any liability to the undersigned attorneys for Plaintiff for any attorneys' liens the undersigned attorneys for Plaintiff may have and further releases the Defendants and the State of New York from any liability for any attorneys' liens the undersigned attorneys for Plaintiff may have in this Action. Nothing herein shall limit or waive any attorneys' lien that the undersigned attorney(s) for Plaintiff may seek to enforce against a party other than the Defendants or the State of New York.

**12.** **No Other Attorneys.** Plaintiff represents and warrants that, besides the undersigned attorneys for Plaintiff, there are no other attorneys that have a lien on the settlement proceeds in the Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

**13.** **No Prevailing Party.** Neither Plaintiff nor Defendants shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

**14.** **No Admission of Liability.** It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation, and that this Settlement Agreement and the actions taken or

payments made pursuant hereto are not to be construed as constituting any determination on the merits of any claims in the Action or as constituting any admission of wrongdoing or liability on the part of Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity). Nothing contained in this Settlement Agreement shall be deemed to constitute a policy, practice, or custom of Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity).

**15.** **No Precedential Value.** This Settlement Agreement shall not in any manner be construed as determinative of the issues or claims raised in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

**16.** **Authority.** Each signatory to this Settlement Agreement hereby represents and warrants that they have the requisite authority to enter into this Settlement Agreement and have not previously assigned or transferred any rights or interests with respect to the matters covered

by this Settlement Agreement.

**17.** **Voluntary Agreement.** Plaintiff represents that Plaintiff has carefully read and fully understands all provisions of this Settlement Agreement, including the General Release. Plaintiff represents that Plaintiff has executed and delivered this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that Plaintiff understands its terms, contents, and effect. Plaintiff acknowledges that no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or anyone acting on behalf of any party.

**18.** **Negotiated Agreement.** The Parties acknowledge that each party has cooperated in the drafting and preparation of this Settlement Agreement. The language in all parts of this Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

**19.** **Binding Effect on Successors and Assigns.** The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

**20.** **Entire Agreement.** This Settlement Agreement constitutes the entire agreement between the Parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

**21.** **Governing Law.** The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be

performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims pursuant to Paragraph 9 of this Settlement Agreement.

**22.** **Severability.** With the exception of Paragraphs 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14 of this Settlement Agreement, if any other provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

**23.** **Headings.** The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

**24.** **Counterparts.** This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

**25.** **Submission to the Court.** This Settlement Agreement shall be submitted without further notice to the Court to be "So Ordered."

WHEREFORE, the Parties hereto acknowledge that they have read this Settlement Agreement and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date first above written.

Dated: 08/22, 2026

Clay M. Parker
Clay Parker

STATE OF NEW YORK )
) ss.:
COUNTY OF Albany )

On the 22 day of August, 2026, before me personally came and appeared Clay Parker, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that they executed the same in their capacity, and that by their signature on the instrument, the

individual, or the person upon behalf of which the individual acted, executed the instrument.

NOTARY PUBLIC

Brendan McCann
Notary Public, State of New York
Qualified in Albany County
No. 01MC0027582
Commission Expires August 05, 2028

Dated: August 27, 2026
Garden City, New York

Barket Epstein Kearon Aldea & LoTurco LLP
*Attorneys for Plaintiff*
By:

Danielle Muscatello, Esq.
666 Old Country Road, Suite 700
Garden City, New York 11530
(516) 745-1500

Dated: August, 27, 2026
Syracuse, New York

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*
By: Aimee Cowan

Aimee Cowan, Esq.
Assistant Attorney General
300 S. State Street, Ste. 300
Syracuse, New York 13202
(315) 448-4800
Aimee.Cowan@ag.ny.gov

Dated: September 1, 2026
Syracuse, New York

SO ORDERED:

Frederick J. Scullin, Jr.
Senior United States District Judge